IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH NEWKIRK, )
)
Petitioner, )
)
v. ) Civil Action No. 3:23-cv-58–HEH
)
RALPH NORTHAM, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Petitioner, a Virginia inmate proceeding *pro se*, has submitted a "Request for Emergency Appeal Bond on or/Appeal Bond Not to Exceed 5,000 and/or Home Confinement." (ECF No. 1.) Petitioner has also attached numerous criminal complaints that he "wants Jason Miyares to execute and hold the Defendants accountable." (*Id.* at 5.) By Memorandum Order entered on February 6, 2023, the Court explained as follows:[1]

> As a preliminary matter, "[t]he Court cannot initiate criminal or regulatory investigations of any defendant. Rather, authority to initiate criminal complaints rests exclusively with state and federal prosecutors." *Barron v. Katz*, No. 6:17–CV–195–KKC, 2017 WL 3431397, at *1 (E.D. Ky. Aug. 9, 2017) (citing *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Furthermore, Plaintiff as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Plaintiff may not bring a criminal complaint against these officials, that power rests with prosecutors.

---

[1] In the February 6, 2023 Memorandum Order, the Court referred to Petitioner as "Plaintiff" in the body of the order, but as "Petitioner" in the caption. For consistency's sake, the Court refers to him as Petitioner in this Memorandum Opinion.

> Second, this Court cannot order his release from detention. Rather, to bring an action in this Court Plaintiff must identify a violation of federal or constitutional law. It is not clear from Plaintiff's submissions whether he wishes to pursue a civil rights action challenging the conditions of his confinement under 42 U.S.C. § 1983 or a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008).

(ECF No. 2 at 1–2.) The Court directed the Clerk to mail Petitioner both a 42 U.S.C. § 1983 complaint form and a 28 U.S.C. § 2254 form. The Court instructed Petitioner that he must complete and return either a § 1983 complaint form or a § 2254 petition form[2] within thirty (30) days of the date of entry thereof.

More than twenty (20) days have elapsed and Petitioner has not completed and returned either standardized form. Instead, Petitioner filed a "Request for Delayed Appeal" (ECF No. 3), which does not address the Court's February 6, 2023 Memorandum Order, but instead complains about his transfers within the Virginia Department of Corrections. To the extent he seeks the right to a delayed appeal in the state courts, this Court cannot grant that request. Petitioner should direct his request to the state courts. Accordingly, the Request for Delayed Appeal (ECF No. 3) will be denied.

Because Petitioner failed to comply with the directions of the Court, the action will be dismissed without prejudice.

---

[2] The Court also explained: "Plaintiff is warned that, if he intends to bring a § 2254 petition, he must comply with the directives of this Court." *See Newkirk v. Lerner*, No. 3:13CV570–HEH, 2013 WL 4811219, at *1 (E.D. Va. Sept. 9, 2013)." (ECF No. 2 at 3.)

2

An appropriate Order shall accompany this Memorandum Opinion.

                                                        /s/  
                                    Henry E. Hudson  
Date: March 28, 2023       Senior United States District Judge  
Richmond, Virginia

3